UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CHARLES DONELSON,
    Plaintiff,

vs.                    No. 11-1286,

PONTIAC CORRECTIONAL CENTER,
    Defendant.

## CASE MANAGEMENT ORDER

    This cause is before the court for case management. The pro se Plaintiff, a state prisoner, has written a letter to the court stating that he would like to file a lawsuit against individuals at Pontiac Correctional Center pursuant to 42 U.S.C. §1983 alleging conspiracy, excessive force, denial of medical care and retaliation. [d/e 1]. Therefore, the clerk of the court has filed the Plaintiff's letter as a complaint. *See Bahler v Lopez*, 2007 WL 1375924 (7th Cir. May 10, 2007)(clerk may not refuse pro se plaintiff's initial submission, a letter, for failing to follow Fed.R.Civ.P.16.3(A)(8)). *Robinson v Doe*, 272 F.3d 921, 922-23 (7th Cir. 2001)(holding that a complaint is filed for statute of limitations purposes when the clerk "receives the complaint, not when it is formally filed in compliance with all applicable rules involving filing fees and the like...") *Martin v Demma*, 831 F.2d 69, 71 (5th Cir. 1987)(clerk shall not refuse to accept for filing a complaint because it is not presented in proper form as required by federal or local rules) However, it is not clear to the court whether the Plaintiff intended to file a lawsuit at this time. The Plaintiff did not pay the required $350 filing fee, nor did he file a motion to proceed *in forma pauperis*. In addition, the Plaintiff says in his letter that he has written to the court for two reasons.

    First, the Plaintiff says there is video camera footage and phone records that will help substantiate his claims, but without a court order he believes they will be destroyed. The Plaintiff says the camera footage would be from June 14, 2011 in the "Chow Hall" and July 11, 2011 in the "R-1-B wing microphone." (Comp., p. 1) The Plaintiff says he wants to preserve these items until he has time to exhaust his administrative remedies for his claims.

    Although not stated, its possible the Plaintiff was intending to file a petition pursuant to Rule 27 of the Federal Rules of Civil Procedure *See* Fed.R.Civ.P.27. Rule 27 provides for a limited exception for discovery before an action is commended in order to prevent a failure or delay of justice. In order to qualify for this exception, the petitioner must show that: (1) he expects to be a party to cognizable action in a United States court, but is presently unable to file the action; (2) the subject matter of the expected action; (3) the facts which the petitioner wants to establish by the proposed testimony or evidence and the reasons to perpetuate it; (4) the names or a description of the persons the petitioner expects will be adverse parties and their addresses

so far as known, and (5) the names and addresses of the persons to be examined and the substance of the testimony or evidence which the petitioner expects to elicit from each. Fed.R.Civ.P. 1(a). Although the provisions of Rule 27 are most often used in connection with depositions to perpetuate testimony, it has also been used for pre-action production of documents and other evidence. Fed.R.Civ.P. 27(a)(3); *see also Application of Deiulemar Compagnie Di Navigazione S.p.A. v. M/V Allegro*, 198 F.3d 473, 478 FN 4 (4th Cir. 1999)(includes inspection of documents and things).

The Plaintiff has not met the requirements of Rule 27. The Plaintiff's letter includes several very general allegations, but it does not include time frames or Defendants or any specific allegations. The Plaintiff has also not stated how the alleged recordings are relevant to any specific claim. Furthermore, the Plaintiff has not stated that he has made any effort to inquire whether any recordings exist. The court notes that based on previous litigation involving Pontiac Correctional Center, not all cameras at Pontiac Correctional Center are capable of recording. Some cameras are used for security, monitoring purposes only. In addition, those cameras that do record make a digital recording that is on a loop and is only saved for 24 hours. If an incident occurs which correctional center officials believe may raise questions or concerns about the use of force, internal affairs keeps a copy of the recording until it is investigated. The Plaintiff has not stated that such a recording exists in his case. If the Plaintiff discovers that a relevant recording does exist, he may file a petition pursuant to Federal Rule of Civil Procedure 27, as long as he meets the requirements of that rule. *See* Fed.R.Civ.P. 27.

The second reason the Plaintiff says he has written a letter to the court is because officials at Western Illinois Correctional Center and Pontiac Correctional Center are retaliating against him by refusing to give him legal material, grievances and property. In addition, the Plaintiff says he did not have soap, towels or toothpaste for two weeks. The Plaintiff also mentions a problem with medical care, his cell conditions and his mail. The Plaintiff says he has filed grievances and written letters to prison officials.

The Plaintiff makes reference to problems at both Western Illinois Correctional Center and Pontiac Correctional Center. It is not clear to the court how incidents at these two different correctional centers are related. The Plaintiff cannot combine unrelated matters and different sets of defendants in the same lawsuit pursuant to Federal Rules of Civil Procedure 18 and 20. In *George v. Smith,* 507 F.3d 605, 607, (7th Cir. 2007), the court of appeals held that a prisoner may not "dodge" the fee payment or three strikes provisions in the Prison Litigation Reform Act by filing unrelated claims against different defendants in one lawsuit. "[M]ultiple claims against a single party are fine, but a Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *Id.* at 606; *see also Wise v Kenosha County Sheriff,* 2008 WL 714141 (E.D. Wis. March 14, 2008); *Mitchell v Martin,* 2007 WL 4206989 (Nov. 28, 2007); *Hairston v. Walker,* 2007 WL 4293072 (S.D. Ill. Dec. 4, 2007); *Link v. Taylor,* 2008 WL 474228 (N.D. Ind. Feb. 20, 2008); *Crosby v. Bonor,* 2008 WL 1882851 (N.D. Ind. April 23, 2008); *Diaz v. Coll,* 2008 WL 2783262 (E.D. Cal. July 15, 2008).

Furthermore, Western Illinois Correctional Center is located in Mt. Sterling which is in Brown County, Illinois. If the Plaintiff wishes to file a separate lawsuit concerning this correctional center, it should be filed in the Springfield Division of the United States District Court for the Central District of Illinois.

Most importantly, the Plaintiff has not provided sufficient information to file a complaint pursuant to 42 U.S.C.§ 1983. The Plaintiff has not named specific defendants or events or even a general time frame. Again, the court has no authority to consider the Plaintiff's allegations unless the Plaintiff wishes to pursue a lawsuit. If the Plaintiff does want to pursue litigation at this time, he must file an amended complaint clearly setting out his claims and Defendants. *See* Fed.R.Civ.P. 8(a). In addition, the Plaintiff must either pay the $350 filing fee in full or file a motion to proceed *in forma pauperis*.

## CONCLUSION

If the Plaintiff wishes to proceed with a lawsuit pursuant to 42 U.S.C.§1983, he must file an amended complaint setting forth his intended claims. The Plaintiff should state how each Defendant is responsible for his claims and provide a general time frame for each allegation. The Plaintiff must also either pay the $350 filing fee or file a motion to proceed *in forma pauperis*.

If the Plaintiff did not intend to file a lawsuit pursuant to 42 U.S.C.§1983, he should state this in writing to the court. If the Plaintiff does not respond to this court order, the court will assume the Plaintiff's letter was a complaint and he will be responsible for the full payment of the filing fee.

**IT IS THEREFORE ORDERED that:**

**1) If the Plaintiff wishes to file a lawsuit pursuant to 42 U.S.C §1983, he must file an amended complaint. The Plaintiff must also either pay the entire $350 filing fee, or file a motion to proceed *in forma pauperis*. The clerk of the court is to provide the Plaintiff with a blank forms to assist him. The Plaintiff must file his amended complaint with the filing fee or motion to proceed *in forma pauperis* on or before September 7, 2011.**

**2) If the Plaintiff did not intend to file a lawsuit at this time, he must state this in writing to the court. The Plaintiff should provide this information to the court on or before September 7, 2011.**

**3) If the Plaintiff does not respond to this court order by the deadline, the court will assume the Plaintiff did intend to file a lawsuit with his letter. The case will be dismissed for violation of Rule 8 of the Federal Rules of Civil Procedure, and the Plaintiff will still be responsible for payment of the filing fee.**

Entered this 18th day of August, 2011.

s/Michael M. Mihm
_____
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE